1

2                                                    **E-Filed 2/24/06**

3

4

5

6

7                              NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   CENTER FOR BIOLOGICAL DIVERSITY, et al.,    | Case Number C 04-4736 JF

13                      Plaintiffs,               | ORDER[1] RE PLAINTIFFS' SECOND
                                                  | CLAIM
14              v.

15   BUREAU OF LAND MANAGEMENT, et al.,

16                      Defendants.

17

18

19                         **I. BACKGROUND**

20        Plaintiffs Center for Biological Diversity and California Native Plant Society filed the

21   above-entitled action on November 9, 2004, alleging two claims for relief against Bureau of Land

22   Management ("BLM") and Mike Pool, State Director of the BLM for California.  As framed

23   originally, these claims were (1) that Defendants are violating the Endangered Species Act

24   ("ESA") by failing to reinitiate consultation, and (2) that Defendants are violating the ESA

25   because their management of the Clear Creek Management Area ("CCMA") jeopardizes the San

26   Benito evening-primrose ("evening-primrose").  On March 28, 2005, Plaintiffs filed a motion for

27   _____

28        [1] This disposition is not designated for publication and may not be cited.

1    summary judgment.  On April 29, 2005, Defendants filed a cross-motion for summary judgment.

2    On July 15, 2005, the Court issued an order stating that it would defer ruling on the motions for

3    summary judgment until after the Fish and Wildlife Service ("FWS") issued an anticipated

4    Biological Opinion evaluating the effect of BLM's management of CCMA on the evening-

5    primrose.  On September 2, 2005, FWS issued the anticipated  2005 Biological Opinion ("2005

6    BO").  Plaintiffs and Defendants subsequently filed supplemental briefs discussing the impact of

7    the 2005 BO on the pending motions for summary judgment.  On September 16, 2005, Plaintiffs

8    filed a motion for leave to file a supplemental complaint raising certain objections to the 2005

9    BO.  On October 4, 2005, the Court issued an order dismissing Plaintiffs' first claim as moot,

10   deferring determination of Plaintiffs' second claim, and granting Plaintiffs' motion for leave to

11   file a supplemental complaint.  Plaintiffs' additional claim, asserted against FWS, alleges that the

12   2005 BO is arbitrary, capricious, and unlawful.  Neither party has yet filed any motion with

13   respect to Plaintiffs' additional claim, and Defendants noted in their opposition to the instant

14   motion that FWS is presently in the process of compiling the administrative record for the 2005

15   BO.

16          On January 9, 2006, this Court issued an order deferring ruling on Plaintiffs' motion to

17   enforce its order of October 28, 2005 and setting a schedule for supplemental briefing.  In

18   accordance with that order, the parties have submitted briefing with respect to the impact of the

19   issuance of the Record of Decision ("ROD") based on the 2005 BO, which Defendants had

20   represented would occur by January 13, 2006, has on Plaintiffs' second claim.  The Court heard

21   oral argument on this issue on February 24, 2006.

22

23                                      **II. DISCUSSION**

24          The issue presently before the Court is whether Plaintiffs' second claim is moot.  The

25   parties interpret differently the breadth of the second claim, which is labeled "Violation of the

26   Endangered Species Act: Current Management of the CCMA Jeopardizes the San Benito

27   Evening Primrose."  Defendants contend that the second claim is based exclusively on the

28   contention that Defendants have failed to implement fundamental requirements set out in the

2

1   1997 BO, while Plaintiffs argue that the second claim argues more generally that "current

2   management of the CCMA jeopardizes the Evening Primrose" under Section 7(a)(2) of the ESA.

3   The second claim reads as follows:

4               The FWS predicated its "no jeopardy" finding on BLM's proposed
        protective measures.  However, BLM has failed to implement those measures,
5       placing the San Benito Evening-primrose in jeopardy.  By failing to halt route
        proliferation, expanded use of the barrens, and allowing ORV use to continue and
6       increase despite over 15 recorded incidents of damage to CABE and its habitat,
        BLM has failed to ensure that its management of the CCMA is not likely to
7       jeopardize the continued existence of CABE, as required by Section 7(a)(2) of the
        ESA.
8               The San Benito Evening-primrose is an annual plant whose population
        numbers fluctuate widely in both space and time depending on climatic
9       conditions.  It is thus dependent on the maintenance and protection of sufficient
        amounts of both occupied and unoccupied suitable habitat in order to
10      accommodate annual shifts in reproduction, numbers and locations.  The
        serpentine soils and streamside terraces where CABE occurs are extremely fragile
11      and easily damaged by ORV use and by deposition of sediment from eroding
        slopes and barrens.  This damage is extremely difficult, if not impossible, to
12      reverse once it has occurred.  As unregulated ORV use and damage to CABE
        habitat continues, the number of suitable acres is decreasing in both occupied and
13      unoccupied sites.  As suitable habitat is destroyed, areas where the species can
        reproduce and maintain itself in years of appropriate climatic conditions are
14      reduced.  If this habitat destruction continues unchecked, this species will be
        placed at jeopardy of extinction.
15
   Complaint, pp. 18-19.  The second request for relief asks that the Court "[o]rder, declare and
16
   adjudge that Defendants are in violation of the ESA, 16 U.S.C 18 § 1536(a)(2), by jeopardizing
17
   the San Benito Evening-primrose through its failure to implement 19 required mitigation
18
   measures which formed integral components of the1997 BO's finding of no-jeopardy."
19
   Complaint, p. 19.
20
           Given liberal pleading standards, the Court could, in its discretion, interpret Plaintiffs'
21
   second claim as Plaintiffs do—as a claim alleging that BLM's management of the CCMA is not
22
   in compliance with the Section 7(a)(2) of the ESA.  However, Defendants' position that
23
   Plaintiffs' second claim is predicated on the argument that Defendants are not in compliance with
24
   the 1997 BO is not without substantial justification.  The Court is concerned that it might cause
25
   confusion, and possible jurisdictional challenges, if it were to give broad and general meaning to
26
   Plaintiffs' second claim.
27
           Because of the ongoing implementation of the 2006 ROD, the anticipated timeline for the
28

                                        3

1   compilation of the administrative record for the 2005 BO, and Plaintiffs' preference for deferring

2   further litigation until the end of the 2005-2006 use season, there is sufficient time to allow

3   Plaintiffs to clarify the second claim.  Accordingly, the claim will not be dismissed.  Instead, in

4   its discretion, the Court will abate proceedings as to the second claim as it is presently framed.

5   Plaintiffs shall satisfy the sixty-day notice requirement of the ESA, 16 U.S.C. § 1540(g)(2)(A)(I),

6   with respect to their second claim as it was described in their most recent moving papers and at

7   the February 24, 2006 hearing.  After the sixty-day notice period has been satisfied, Plaintiffs

8   shall file an amended complaint that clarifies the nature of their second claim.  The Court does

9   not conclude that the sixty-day notice and amended complaint necessarily are required, nor will

10  providing such notice and filing an amended complaint be deemed a concession by Plaintiffs as

11  to this point.

12          Plaintiffs ask that the Court delay ruling on their second claim and require that BLM

13  "provide the Court with an updated status report at the end of this 2005-2006 OHV use season to

14  summarize how it has implemented the 2006 ROD and how future implementation shall occur."

15  The Court concludes that such a report would be useful with respect to both Plaintiffs' second

16  and third claims.  At the February 24, 2006 hearing, Defendants represented that the 2005-2006

17  OHV use season will end on June 1, 2006 and that it would be possible for them to submit a

18  report by the end of June, 2006.  Accordingly, by June 30, 2006, Defendants shall submit a report

19  summarizing how BLM has implemented the 2006 ROD during the 2005-2006 use season and,

20  to the extent that such information is available at the time, how future implementation will occur.

21  This report may take the form of either a status report or a supplemental legal brief.

22          The Court will hear oral argument on the pending motions for summary judgment with

23  respect to Plaintiffs' second claim (as it may be subsequently amended), and on any motions

24  related to Plaintiffs' third claim, at 9:00 am on August 25, 2006.  Supplemental briefing on the

25  pending motions for summary judgment, in response to Plaintiffs' amendment of their second

26  claim and the information provided by BLM's report regarding the 2005-2006 use season, shall

27  be submitted in accordance with the local rules.

28          IT IS SO ORDERED.

4

Case No. C 04-4736 JF
ORDER RE PLAINTIFFS' SECOND CLAIM
(JFLC1)

1    DATED: February 24, 2006

2

3

4                                                          _____
                                                           JEREMY FOGEL
5                                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 04-4736 JF
ORDER RE PLAINTIFFS' SECOND CLAIM
(JFLC1)

This Order has been served upon the following persons:

Michael Richard Eitel          michael.eitel@usdoj.gov, wanda.davis@usdoj.gov;
                               lisa.russell@usdoj.gov

Michael W. Graf                mwgraf@aol.com,

Brian Litmans                  litmans@worldnet.att.net

Lisa Lynne Russell             lisa.russell@usdoj.gov, deshonda.young@usdoj.gov

Paul Andrew Turcke             pat@msbtlaw.com

6

Case No. C 04-4736 JF
ORDER RE PLAINTIFFS' SECOND CLAIM
(JFLC1)