**E-Filed 8/31/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, et al., <br><br> Defendants. | Case Number C 04-4736 JF <br><br> ORDER[1] GRANTING PLAINTIFFS' REQUEST FOR AN ENLARGEMENT OF TIME |

On August 21, 2006, pursuant to Federal Rule of Civil Procedure 6(b)(2), Plaintiffs Center for Biological Diversity and California Native Plant Society filed a motion for an enlargement of time for filing a motion for attorneys fees. The federal Defendants oppose the motion. The Court has considered this matter without oral argument, pursuant to Civil Local Rule 7-1(b).

On August 3, 2006, this Court issued an Order dismissing the instant action, pursuant to the parties' stipulation. Federal Rule of Civil Procedure 54(d)(2) provides that, "[u]nless otherwise provided by statute or order of the court," a motion for attorneys fees "must be filed no later than 14 days after entry of judgment." Accordingly, any motion for attorneys fees in the

---

[1] This disposition is not designated for publication and may not be cited.

instant action should have been filed no later than August 17, 2006.

Brian A. Litmans ("Litmans"), one of two attorneys representing the Plaintiffs, has submitted a declaration in support of the instant motion. He states that, on Friday August 4, 2006, he entered the date for the filing of a motion for attorneys fees as August 17, 2006 on his desktop computer. Litmans Decl. ¶ 5. On Monday August 7, 2006, he manually transferred files to his new laptop, which he would use in his new office in Portland, Oregon. *Id*. ¶ 6. During this process, he made the error of entering the filing date in the Outlook program on his laptop as August 24, 2006. *Id*. He first learned of this error while conferring with co-counsel on August 21, 2006 and filed the instant motion for an enlargement of time that same day. *Id*. Plaintiffs request an enlargement of time until September 3, 2006, but note that they would be prepared to file a motion for attorneys fees as early as August 24, 2006.

Federal Rule of Civil Procedure 6(b) "allow[s] filing after the expiration of the deadline because the failure to timely file was the result of excusable neglect." *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996). It is within this Court's discretion to grant a Rule 6(b) motion for an enlargement of time. *Id*. As the Supreme Court has noted, "the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 391-92 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392. The determination of whether neglect is excusable "is at bottom an equitable one," and the Court must consider "all relevant circumstances surrounding the party's omission." *Id*. at 395. The relevant circumstances include: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

Defendants contend that Plaintiffs' neglect is not excusable. They argue that Plaintiffs have not established that their neglect was similar to the "failure of a 'carefully designed'

calendaring system operated by experienced paralegals that heretofore had worked flawlessly" in *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). Defendants mischaracterize *Picay*, which held that courts should "determine the issue of excusable neglect within the context of the particular case," and that "[a]ny rationale suggesting that misinterpretation of an unambiguous rule can never be excusable neglect is, in our view, contrary to that instruction." *Id*.

Defendant also argues that there is no reason why Plaintiffs' lead counsel, Michael Graf ("Graf"), did not keep track of the correct filing date himself. Graf has submitted a declaration in which he explains that he is listed as "lead counsel" only because Litmans is before this Court *Pro Hac Vice*, and that they have worked as equal co-counsel throughout the instant litigation. Graf Decl. ¶ 2. Graf and Litmans have divided the work required for the litigation in order "to litigate in an efficient manner given the limited resources we have to expend in operating respective solo practices representing public interest environmental organizations." *Id*. This division of work between Graf and Litmans is a reasonable explanation of why Graf did not keep track of the filing date himself.

Thus, Plaintiffs have presented evidence that their short delay was the result of excusable neglect. Because the delay was short and the motion at issue is a motion for attorneys fees following the settlement of the instant action, an enlargement of time will have very little impact on judicial proceedings. Additionally, Defendants have not shown, or even argued, that they will suffer any prejudice if this Court grants Plaintiffs' motion for an enlargement of time. Accordingly, the Court will grant the instant motion. Because the Court has been unavailable to rule on the instant motion until August 31, 2006, the Plaintiffs shall file their motion for attorneys fees not later than September 8, 2006.

IT IS SO ORDERED.

DATED: August 31, 2006

_____
JEREMY FOGEL
United States District Judge

1   This Order has been served upon the following persons:

2   Michael Richard Eitel       michael.eitel@usdoj.gov, marlene.frazier@usdoj.gov;
                                lisa.russell@usdoj.gov
3
    Michael W. Graf             mwgraf@aol.com,
4
    Brian Litmans               blitmans@gmail.com
5
    Lisa Lynne Russell          lisa.russell@usdoj.gov, deshonda.young@usdoj.gov
6
    Paul Andrew Turcke          pat@msbtlaw.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 04-4736 JF
ORDER GRANTING PLAINTIFFS' REQUEST FOR AN ENLARGEMENT OF TIME
(JFLC1)